**NORTHWAY TOWING, INC.**

v.

**CITY OF PASADENA, TEXAS**

**No. CIV.A. 99–4240.**

United States District Court,
S.D. Texas,
Houston Division.

May 5, 2000.

Jonathan E. Bruce, Livingston and Associates, Houston, TX, for Plaintiffs.

John S. Schneider, City of Pasadena Legal Dept., Pasadena, TX, Joan Porter, Attorney at Law, Houston, TX, for Defendants.

## ORDER

HITTNER, District Judge.

Pending before the Court are the motion for summary judgment filed by Plaintiff, Northway Towing, Inc. and the cross-motion for summary judgment filed by Defendant, the City of Pasadena, Texas. After considering the motions, the submissions on file, and the applicable law, the Court determines that summary judgment should be granted in favor of Northway.

Northway, a Houston tow truck operator, filed this action seeking declaratory relief and an injunction prohibiting the City of Pasadena from enforcing two ordinances that relate to towing. Northway contends that the ordinances are preempted by 49 U.S.C. § 14501(c)(1), which provides that

> a State [or] political subdivision of a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... with respect to the transportation of property.

49 U.S.C. § 14501(c)(1).

The City responds that the ordinances fall within the "safety exception" to the preemption statute, which provides that notwithstanding section 14501(c)(1), there is no federal preemption of

> the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

49 U.S.C. § 14501(c)(2)(A).

■ Northway argues that the "safety exception" cannot save the City's ordinances from preemption because it applies only to a "State," not a "political subdivision of a State." However, the State of Texas has specifically delegated its authority to regulate towing to its political subdivisions, *see* Tex. Transp. Code Ann. § 643.201 (West Supp.1999), and it has been held in this District that section 14501(c)(2)(A) was not intended to prohibit such delegation, *see Harris County Wrecker Owners for Equal Opportunity v. City of Houston*, 943 F.Supp. 711, 727 (S.D.Tex. 1996). The "safety exception" therefore applies not only to laws enacted by the state, but to local ordinances as well.

■ With respect to towing, the essence of the "safety exception" is that non-federal entities may pass and enforce laws to ensure that the towing and storage of motor vehicles are performed safely. For example, a non-federal entity may require safety inspections for tow trucks, *see Greyhound Lines, Inc. v. City of New Orleans,* 29 F.Supp.2d 339, 343 (E.D.La.1998), or adopt a rotation system to address the safety concerns that arise when too many tow trucks simultaneously rush at high speed to the scene of an accident or arrest, *see Ace Auto Body & Towing, Ltd. v. City of New York,* 171 F.3d 765, 774 (2d Cir. 1999); *Harris County Wrecker Owners,* 943 F.Supp. at 732.

■ The first ordinance that Northway challenges under the preemption statute requires certain tow truck operators to obtain permits from the City:

It shall be unlawful for any person to drive or operate or cause to be driven or operated any auto wrecker upon any public street in the city for the purpose of towing or hauling wrecked or disabled vehicles, either for hire, not for hire, or incident to obtaining the business of storing, wrecking or repairing such wrecked or disabled vehicles, without having first obtained a transfer or private wrecker permit from the city, duly issued to such person to operate a transfer or private wrecker on the streets of the city under the terms and provisions of this chapter. Provided, however, this section shall not apply to transfer wreckers required to be registered with the proper state regulating agency under state law unless the owner of such vehicle has a place of business located within the boundaries of the city.

Pasadena, Tex., Code of Ordinances § 7–2(a) (1988).

The City contends that the permit ordinance falls within the "safety exception" because it "identifies for police the drivers and operators of tow trucks" and thus "is an obvious deterrent to car theft by someone posing as a tow truck driver." However, the City does not explain why its police cannot adequately identify suspicious tow truck drivers and operators by checking their state-issued driver's licences and commercial vehicle registrations. *See* Tex. Transp. Code Ann. § 643.051 (West Supp.1999). Furthermore, even if the permit ordinance does enable Pasadena police to investigate automobile theft more easily, it does not ensure that the towing and storage of motor vehicles will be performed safely. Consequently, the ordinance does not fall within the "safety exception," and it is preempted by 49 U.S.C. § 14501(c)(1).

■ The second ordinance challenged by Northway provides in its second sentence that "[a]ny ... vehicle towed or hauled without the owner's permission or knowledge shall be stored in a state licensed vehicle depository within the corporate limits of Pasadena or in the city storage facility." Pasadena, Tex., Code of Ordinances § 7–2(c)(1) (1988).[1] The City argues that this ordinance falls within the "safety exception" because it "prevents the unsafe situation of citizens being without transportation." However, a motorist whose car is towed will be without transportation regardless of where the car is stored. The City also argues that "[r]equiring the vehicles to stay in Pasadena makes it more likely that the stranded motorist can safely retrieve his or her car." However, the City has not presented any summary judgment evidence suggesting that there is anything inherently dangerous about a Pasadena resident traveling outside Pasadena to retrieve his or her vehicle.

Finally, the City argues that the storage ordinance, like the permit ordinance, deters automobile theft. The City notes that Texas law requires that a "wrecker slip" describing the tow must be made available

---

1. Northway challenges only the quoted portion of section 7–2(c)(1). It does not challenge the first sentence of section 7–2(c)(1),

which requires tow truck operators to notify Pasadena police within one hour after towing a vehicle without the consent of the owner.

at the vehicle storage facility, *see* Tex. Admin. Code tit. 43, § 18.88, and argues that "once a vehicle is towed to a storage lot outside Pasadena, the [Pasadena police] officers investigating the auto theft lose effective access to valuable information pertaining to the vehicle and its removal from the City." However, it is unlikely that an automobile thief would tow a stolen automobile to a legitimate storage lot and complete a wrecker slip describing the true circumstances of the tow. Moreover, if this situation does arise, Pasadena police may investigate the crime simply by cooperating with law enforcement officers in the municipality where the vehicle is stored. In any event, even if the storage ordinance does further the City's professed goal of deterring and investigating automobile theft, it does not ensure that the towing and storage of motor vehicles will be performed safely. The storage ordinance, like the permit ordinance, thus falls outside the scope of the "safety exception," and both ordinances are preempted by 49 U.S.C. § 14501(c)(1). Accordingly, it is

ORDERED that Northway's motion for summary judgment is GRANTED. It is further

ORDERED that the City's cross-motion for summary judgment is DENIED.

### FINAL JUDGMENT

As the Court has GRANTED the motion for summary judgment filed by Plaintiff, Northway Towing, Inc., it is hereby

ORDERED that Defendant, the City of Pasadena, Texas, its police officers, agents, employees, successors, attorneys, and all those acting in concert with Defendant, are hereby ENJOINED from enforcing section 7–2(a) and the second sentence of section 7–2(c)(1) of the City of Pasadena, Texas, Code of Ordinances, as both are preempted by 49 U.S.C. § 14501(c)(1). It is further

ORDERED that all relief not specifically granted herein is DENIED. This is a FINAL JUDGMENT.